IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:08-CR-00041-WC |
| | ) | |
| J. L. PATTERSON | ) | |

## PLEA AGREEMENT

**DEFENSE COUNSEL:**            MICHAEL J. PETERSEN

**SPECIAL ASSISTANT U.S. ATTORNEY:**   EMILY M. RUISANCHEZ

## STATUTES CHARGED

18 United States Code Section 13 and Alabama Code Sections 32-5A-191(a)(1)-(2), operating a motor vehicle while under the influence of alcohol, and 32-5A-330, possession of open container of alcoholic beverages while operating a motor vehicle.

## CHARGES TO WHICH DEFENDANT PLEADS GUILTY

Ala. Code § 32-5A-191(a)(1)-(2)

(a) A person shall not drive or be in actual physical control of any vehicle while (1) there is 0.08 percent or more by weight of alcohol in his or her blood; (2) under the influence of alcohol.

Ala. Code § 32-5A-330

(b) It is unlawful for a person to have in his or her possession alcoholic beverages in an open container in the passenger area of a motor vehicle of any kind on a public highway or right-of-way of a public highway of this state.

1

18 U.S.C. § 13

(a) Whoever within or upon any of the places now existing or hereafter reserved or acquired as provided in section 7 of this title, or on, above, or below any portion of the territorial sea of the United States not within the jurisdiction of any State, Commonwealth, territory, possession, or district is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Emily M. Ruisanchez, Special Assistant United States Attorney, and Michael J. Petersen, attorney for the Defendant, have, with the authorization of the Defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the Charges pending in the Information, and the Parties have reached a Plea Agreement. The Parties submit the Plea Agreement to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The Parties understand that if the Court does not accept the terms of the Plea Agreement the Defendant will be allowed to withdraw his plea of guilty and to proceed to trial.

## ELEMENTS OF THE OFFENSES

Ala. Code § 32-5A-191(a)(1)-(2)

1. Defendant drove or was in actual physical control of a vehicle;
2. At the time, there was 0.08 percent or more by weight of alcohol in Defendant's

blood, and Defendant was under the influence of alcohol.

<u>Ala. Code § 32-5A-330</u>

    1.    Defendant had in his possession alcoholic beverages in an open container in the passenger area of a motor vehicle;

    2.    At the time, Defendant was on a public highway or right-of-way of a public highway of the State of Alabama.

<u>18 U.S.C. § 13</u>

    1.    Within or upon any of the places now existing or hereafter reserved or acquired as provided in 18 U.S.C. § 7, or on, above, or below any portion of the territorial sea of the United States not within the jurisdiction of any State, Commonwealth, territory, possession, or district;

    2.    Defendant committed an act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in force at the time of such act or omission.

### **GOVERNMENT'S PROVISIONS**

    1.    Upon the Defendant entering of a plea of guilty to the offenses listed above, the Government will agree that the appropriate sentence is a fine of six-hundred dollars ($600.00) and no period of incarceration as to Count I, and a fine of twenty five dollars ($25.00) and no period of incarceration as to Count II.

    2.    The United States reserves the right to inform the Court and the Probation Department of all facts pertinent to the sentencing process, including all relevant information

concerning the offenses and the Defendant's background.

## DEFENDANT'S PROVISIONS

3. The Defendant agrees to the following:

   a. To plead guilty to the Charges filed in the Information.

   b. To waive appeal and collateral attack, as detailed below.

## FACTUAL BASIS

4. On or about the 4th of November 2007, at Fort Rucker, Alabama, in the Middle District of Alabama, J. L. PATTERSON did operate a motor vehicle while there was 0.08 percent or more by weight of alcohol in his blood and was under the influence of alcohol, in violation of Title 18, Section 13, United States Code and Alabama Code 32-5A-191(a)(1)-(2), and did have in his possession alcoholic beverages in an open container in the passenger area of a motor vehicle on a public highway or right-of-way of a public highway of the State of Alabama, in violation of Title 18, Section 13, United States Code and Alabama Code Section 32-5A-330. Specifically, J. L. PATTERSON drove to a security checkpoint at the Fort Rucker Enterprise gate, whereupon a military police officer made contact with J. L. PATTERSON and detected a strong odor of alcohol emitting from J. L. PATTERSON'S person, and observed J. L. PATTERSON hiding an open beer bottle under his leg on the floor of the vehicle and beer cans in the back of the vehicle. J. L. PATTERSON was apprehended and transported to the Military Police station, where he submitted a breath sample which showed his blood alcohol content to be 0.08 g/210L.

## DEFENDANT'S WAIVER OF APPEAL AND COLLATERAL ATTACK

5. Understanding that 18 U.S.C. § 3742 provides for appeal by the Defendant, the Defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the conviction and sentence. Defendant further expressly waives the right to appeal the conviction and sentence on any other ground and waives the right to attack the conviction and sentence in any post-conviction proceeding. This waiver does not include the right to appeal or collaterally attack the conviction or the sentence on the ground of ineffective assistance of counsel or prosecutorial misconduct.

The Government does not waive its right to appeal the sentence imposed in this case. The Government does not waive its right to appeal any order dismissing the Information, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the Defendant's sentence pursuant to 18 U.S.C. § 3742(b), the Defendant is released from this waiver.

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

6. The Defendant, before entering a plea of guilty to the Charges detailed in the Information, advises the Court that:

    a. The discussions between the attorney for the Government and the attorney for the Defendant towards reaching an agreed plea in this case have taken place with the Defendant's authorization and consent.

b.  The Defendant acknowledges that a breach of this plea agreement will not entitle him to withdraw his guilty plea in this case. The Defendant understands and acknowledges that Defendant's guilty plea will remain in full force and effect upon any breach of this agreement by the Defendant.

c.  The Defendant further understands that he must pay an assessment fee of twenty-five dollars ($25.00) per Count on the date of sentencing.

d.  The Defendant understands that he has a right to be represented by an attorney at every stage of the proceedings.

e.  The Defendant understands that he has the right to plead not guilty and to be tried by a jury. At a trial, the Defendant understands that he would have the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, the right to call witnesses on his own behalf, and the right not to be compelled to incriminate himself. The Defendant understands that if he enters a plea of guilty there will not be a further trial of any kind, and that by his plea of guilty he waives the right to a trial either before a jury or before the Court.

f.  The Defendant understands that the Court may ask questions about the offenses to which the Defendant pleads guilty, and he further understands that if he answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against him in a prosecution for perjury or false statement if the answers are not truthful.

g.  The Defendant understands and advises the Court that his consent to the Plea Agreement as set forth herein and his guilty plea are voluntary and are not the result of any

force or threats or of any promises apart from those contained in the Plea Agreement. The Defendant advises the Court that this Plea Agreement is the result of prior discussions between the attorney for the Government and the attorney for the Defendant, all conducted with the Defendant's knowledge, authorization and consent.

      h.      The Defendant advises the Court that his understanding of this Plea Agreement is as set forth in this document.

      i.      The Defendant advises the Court that he understands that the attorney for the Government can only make a recommendation as to the appropriate sentence to be imposed in this case, which recommendation is not binding on the Court.

      j.      The Defendant advises the Court that he understands that evidence of a plea of guilty that is later withdrawn, or of an offer to plead guilty to the crimes charged in the Information, or of statements made in connection with and relevant to said guilty plea or offer to plead guilty, shall not be admissible in any civil or criminal proceedings against the Defendant. However, the Defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty that is later withdrawn, or of an offer to plead guilty to the crimes charged in the Information, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the Defendant under oath, on the record, and in the presence of counsel.

      k.      The Defendant is satisfied that Defense Counsel has been competent and effective in representing him.

      7.      The undersigned attorney for the Government and for the Defendant represent to the Court that the foregoing Plea Agreement is the agreement of the parties that has been reached

pursuant to the procedure provided for in Rule 11, Federal Rules of Criminal Procedure, as Amended. The attorney for the Defendant has advised him of the following: the Defendant's right to plead not guilty and to proceed to trial, and that by pleading guilty he waives his right to be tried by a jury or by the Court; the nature of the charges to which the Defendant is pleading guilty; the maximum possible penalty provided by law; that by pleading guilty the Defendant waives his right to confront and cross-examine witnesses against him and waives his right not to be compelled to incriminate himself. Further, the attorney for the Defendant has advised him that the Court may ask questions about the offenses to which the Defendant is pleading guilty, and that if the plea is rejected or later withdrawn that the answers to such questions may not be used against the Defendant in any civil or criminal proceeding, except that, if the Defendant's answers are not truthful, they may later be used against him in a prosecution for perjury or false statement.

8. The Defendant understands that the Court will order the United States Probation Office to prepare a presentence investigation report for the Court.

This 15th day of July, 2008.

Respectfully submitted,
LEURA G. CANARY
UNITED STATES ATTORNEY

Emily M. Ruisanchez
Special Assistant U.S. Attorney
Georgia Bar No. 142573
Office of the Staff Judge Advocate
Soldier Service Center, Building 5700
Fort Rucker, Alabama 36362

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, MICHAEL J. PETERSEN.

_____
J. L. Patterson
Defendant

Date:_____

_____
Michael J. Petersen
Attorney for the Defendant

Date: 7/15/2008